UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT STEIN *and* ROBERT BECK, *on behalf of themselves and all other persons similarly situated, known and unknown*<br><br>Plaintiffs,<br><br>v.<br><br>HHGREGG, INC., *doing business as* hhgregg; and<br><br>GREGG APPLICANCES, INC. *doing business as* hhgregg,<br><br>Defendants. | CASE NO. 15-396<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge Karen L. Litkovitz |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rules 7.1 and 7.2 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants hhgregg, Inc., d/b/a hhgregg, and Gregg Appliances Inc., d/b/a hhgregg, (collectively, "hhgregg"), by counsel, move to dismiss Plaintiffs Robert Stein and Robert Beck's Amended Complaint with Jury Demand [ECF No. 10] and this action as a whole for failure to state a claim upon which relief can be granted.

### I. INTRODUCTION

Plaintiffs' Amended Complaint challenges Defendants' commission pay plan under the Fair Labor Standards Act ("FLSA"). But the Amended Complaint not only fails to articulate facts that plausibly establish a violation of the law, it conclusively establishes[1] the *legality* of Defendant's compensation system.

---

[1] hhgregg treats Plaintiffs' factual allegations as true solely for purposes of this motion to dismiss. hhgregg reserves the right to deny and offer evidence refuting Plaintiffs' allegations.

Plaintiffs allege hhgregg pays a guaranteed minimum "draw" to its commissioned retail sales employees in weeks when their earned commissions would not otherwise exceed certain minimum requirements. They also complain hhgregg subsequently "deducts" the amount of such draws from commissions later earned by these employees in excess of the minimum weekly requirements. According to Plaintiffs, "[u]sing such draws to create a debt owed to Defendants violates the FLSA, including 29 U.S.C. §§206 and 207." (Am. Compl. ¶ 2.)

Plaintiffs' allegations of violation are incorrect as a matter of law and are belied by the plain text of the FLSA, Department of Labor ("DOL") regulations, DOL opinion letters, and case law. These authorities recognize a "draw," such as that paid by hhgregg, is a draw *against commission*, also sometimes referred to as an *advance of commission*. *See, e.g.*, 29 C.F.R. §§ 779.413(a)(5) & 779.416(a). An employer's *pre*-payment of a portion of expected future commissions as a draw or advance in those pay periods when earned commissions are below minimum wage thresholds complies with the FLSA. *Id.* Even accepting as true Plaintiffs' description of hhgregg's draw system, such a system does not violate the FLSA. Plaintiffs' Amended Complaint, as a matter of law, fails to state a cognizable claim and should be dismissed.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Spicer v. Ford Motor*, No. 1:10-cv-450, 2011 WL 1841880, at *2 (S.D. Ohio May 13, 2011). While well-pled material allegations of the complaint must be taken as true, the complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Smiley v. Ohio*, No. 1:10-cv-390, 2011 WL 4481350, at *2 (S.D. Ohio Sept. 27, 2011) (quoting *Bell v. Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)). It must provide more than "unadorned, the-defendant-unlawfully-harmed-me accusations" and does not suffice if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Higgins v. Vitran Express, Inc.*, No. 1:09-cv-228, 2009 WL 3873662, at *1 (S.D. Ohio Nov. 18, 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Twombly*, 550 U.S. at 557). Factual allegations must be enough to raise a right to relief above the speculative level and plausibly state a violation of law. *Smiley*, 2011 WL 4481350, at *2.

Dismissal pursuant to Rule 12(b)(6) is appropriate where the factual allegations pled by plaintiff, even if all are accepted as true, do not show a violation of any law. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009) ("Rule 12(b)(6) permits a defendant to seek relief on the ground that a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not . . . ."); *Walburn v. Lockheed Martin Utility Serv., Inc.*, No. 2:09-cv-288, 2010 WL 1253601, at *3 (S.D. Ohio Mar. 30, 2010) ("The motion [to dismiss] will . . . therefore be granted where . . . there is an absence of law to provide relief for such claim as is sufficiently stated."); *Adkins v. Uranium Disposition Services, LLC*, No. 1:10-cv-460, 2011 WL 923351, at *2-3 (S.D. Ohio Feb. 14, 2011) (granting a motion to dismiss where the pled claim failed as a matter of law).

### III. BACKGROUND

**A.** <u>**The FLSA's requirements**</u>

The FLSA imposes two basic pay requirements. First, the statute generally requires employers to pay employees a minimum wage. 29 U.S.C. § 206(a). The FLSA does not require employers to pay employees by the hour to meet this minimum wage, but rather recognizes the

validity of various compensation structures, including payment by commission. *See, e.g.*, 29 C.F.R. § 778.117 ("Commissions . . . are payments for hours worked . . . .").

Second, the FLSA generally requires employers to pay employees overtime compensation at the rate of 1.5 times the employees' regular rate of pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). However, employees of retail establishments who are paid primarily on a commission basis are exempt from this overtime requirement. 29 U.S.C. § 207(i).

### B. The Amended Complaint's allegations

Plaintiffs are current (Stein) and former (Beck) commissioned retail sales employees of hhgregg. (*Id.* ¶¶ 1, 10 & 11.) Plaintiffs allege hhgregg pays commissioned retail sales employees "a 'draw' for pay periods in which the employees' earned commissions have not met the minimum pay requirement of §207 (a) and (i)" and that hhgregg treats "all such 'draws' as a debt incurred by each such employee that must be repaid in a subsequent pay period through deductions from their earned commissions." (*Id.* ¶ 2.)

Based on these core allegations, Plaintiffs' Amended Complaint asserts five counts under the FLSA and one count for unjust enrichment. (Am. Compl. ¶¶ 33-46.) None states a violation of law.

### IV. ARGUMENT

### A. Count I: Plaintiffs' challenge to hhgregg's "draw system" fails to state a claim.

Plaintiffs allege hhgregg's policy or practice "whereby the 'draws,' initially paid to cover the payment of minimum wage for all [commissioned retail sales] employees are then deducted from earned commissions during a subsequent pay period and are treated in all respects as a debt owed by such employees to defendants" violates the FLSA. (Am. Compl. ¶34.) Plaintiffs assert

-4-

that hhgregg's "payment of the 'draw' does not represent payment of minimum wage[s]" but rather "it represents a loan and a debt incurred" by employees. (*Id.* ¶ 22.) Contrary to the Plaintiffs' allegation—that this arrangement violates the FLSA—the Amended Complaint describes perfectly *legal* conduct.

Draws against commission are *pre*-payments of a portion of the commissions employees are expected to earn. When the commissions are subsequently earned, the employer need pay only the amount of the commissions that exceeds the draw *because the draw represents a portion of commissions already paid*. Nothing in the FLSA makes such draw systems unlawful. Rather, the FLSA, and authorities applying it, repeatedly acknowledge that draws against commissions are permissible and that draw payments can satisfy the FLSA's wage requirements.

### 1. The FLSA acknowledges draws are commission payments.

The overtime exemption for commissioned retail sales employees is contained in 29 U.S.C. § 207(i). Under this provision, a retail sales employee may be treated as overtime-exempt if (1) he or she earns a regular rate in excess of one-and-a-half times the minimum wage and (2) more than half of his or her compensation for a representative period "represents commissions on goods or services." 29 U.S.C. § 207(i)(1) & (2). The statute defines "commissions" broadly.

> In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services ***without regard to whether the computed commissions exceed the draw or guarantee.***

*Id.* § 207(i)(2) (emphasis added). Thus the FLSA's plain text recognizes that a draw paid to commissioned employees may consist, in whole or in part, of commissions and that a "draw" is not a minimum wage somehow distinct from, or over-and-above, commissions, as Plaintiffs suggest.

### 2. Draw payments may be credited against future commissions earned.

The FLSA regulations confirm that draws such as those paid by hhgregg are advances of commissions that may be credited against commissions subsequently earned.

First, § 779.413 describes several typical methods of compensating retail store employees. 29 C.F.R. § 779.413. One of these is by a commission-with-draw plan—the type of system described by Plaintiffs—which the regulation describes as follows:

> Straight commission with "advances," "guarantees," or "draws." This method of compensation is similar to paragraph (a)(4) of this section [*i.e.,* by straight commission] except that the employee is paid a fixed weekly, biweekly, semimonthly, or monthly "advance," "guarantee," or "draw." ***At periodic intervals a settlement is made at which time the payments already made are supplemented by any additional amount by which his commission earnings exceed the amounts previously paid.***

29 C.F.R. § 779.413(a)(5) (emphasis added). This regulation directly refutes Plaintiffs' claim that hhgregg has somehow violated the FLSA by taking credit for draws already paid to commissioned sales employees when it pays out their earned commissions.

Another regulation, 29 C.F.R. § 779.416, addresses "[w]hat compensation 'represents commissions'" for purposes of meeting the requirements of 29 U.S.C. § 207(i). This regulation similarly recognizes that draws paid to commissioned sales employees may be treated as advances of future commissions:

> (a) Employment arrangements which provide for a commission on goods or services to be paid to an employee of a retail or service establishment may also provide, as indicated in § 779.413, for the payment to the employee at a regular pay period of a fixed sum of money . . . . Such periodic payments, which are variously described in retail or service establishments as "advances," "draws," or "guarantees," are keyed to a time base and are usually paid at weekly or other fixed intervals . . . . ***They are normally smaller in amount than the commission earnings expected for such a period and if they prove to be greater, a deduction of the excess amount from commission earnings for a subsequent period, if otherwise lawful, may or may not be customary under the employment arrangement.*** . . . If . . . it appears from all the facts and circumstances of the employment that the stipulated sum [i.e., the "draw"] . . . functions as an integral

> part of a true commission basis of payment, then such compensation may qualify as compensation which "represents commissions on goods or services" within the meaning of clause (2) of the section 7(i) exemption.

29 C.F.R. § 779.416(a). Under this regulation, an employer's deduction of draws from an employee's subsequently earned commissions (as Plaintiffs allege hhgregg does here) is not unlawful. To the contrary, such a practice shows an employee is paid on a bona fide commission basis in compliance with 29 U.S.C. § 207(i). *Cf. Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.,* 246 F. Supp. 2d 886, 898 (S.D. Ohio 2003) (finding alleged "draw" payments represented a salary instead of commissions because those payments were *not* deducted from future commission earnings and disallowing application of 207(i) exemption).

### 3. The DOL has concluded draws against commissions satisfy the FLSA's minimum wage requirement.

For decades, the DOL has consistently stated that draws against commissions can satisfy the FLSA's minimum wage requirement irrespective of whether the draws are later "deducted" from subsequent commission earnings.[2]

> For example, in an Opinion Letter dated March 3, 1981, the DOL explained:
>
> When compensating commission salespersons exempt from the overtime pay requirements of the Act, employers may adopt pay arrangements whereby such employees are guaranteed not less than the applicable minimum wage for each hour of work during the settlement period. The only requirement is that the employee receive "prompt payment" of the minimum wage covering all hours worked during the settlement period. *Where an employer advances funds to a commission salesperson to satisfy the minimum wage requirement, this amount may be recovered from excess commissions earned in a subsequent settlement period.*

DOL Wage and Hour Opinion Letter, WH506, 1981 WL179034 (Mar. 3, 1981) (emphasis added).

---

[2] DOL opinion letters are not binding on courts, but "constitute a body of experience and informed judgment" that are given "substantial weight." *Wolfram v. PHH Corp.*, No. 1:12-CV-599, 2014 WL 2737990, at *5 n.8 (S.D. Ohio June 17, 2014).

The DOL reiterated its position in an Opinion Letter in 1998. *See* DOL Wage and Hour Opinion Letter, 1998 WL 852727 (Feb. 23, 1998). There, an employer described its commission plan and provided an example of how it worked. The DOL described the example as follows:

> You provided an example to illustrate your client's pay plan where a vehicle salesperson receives a subsidy of $100 for each of ten (10) weeks without selling a vehicle. During the eleventh week, the salesperson sells a vehicle and earns $2800 in commissions. The amount received by the salesperson for the eleventh week is $1800 ($2800 commissions less $1000 subsidy for ten weeks).

*Id.* The employer took the position that the employee in its example "receive[d] minimum wage earnings 'free and clear' when a subsidy [was] paid for that workweek and deducted from commissions earned but not paid in subsequent workweeks." *Id.* The DOL agreed, explaining:

> Where an employer has fulfilled the requirement of paying the minimum wage in a pay period in which the employee has earned less than that amount in commissions, ***the difference between what the employee earned in commissions, and the minimum wage may be deducted from any commissions earned in a subsequent pay period which are in excess of the minimum wage required to be paid for the hours worked in that pay period.*** Therefore, it is our opinion that your client's compensation plan meets the minimum wage requirements of the FLSA.

*Id.* (emphasis added). *See also* DOL Wage and Hour Opinion Letter, FLSA2001-2, 2001 WL 1558951 (Feb. 14, 2001) (FLSA permits employer to carry forward draws against commissions paid to comply with minimum wage requirement "on an indefinite basis")[3].

### 4. Courts also approve of draw-against-commission plans.

Finally, courts have repeatedly approved of commission plans similar to hhgregg's in which draw payments made to comply with the FLSA's minimum wage requirement are credited against future earned commissions. *See, e.g.*, *McAninch v. Monro Muffler Brake, Inc.*, 799 F. Supp. 2d 807, 816-818 (S.D. Ohio 2011) (holding plaintiffs were paid a bona fide commission

---

[3] As a result, Plaintiffs' allegation that any arrears on draws do not just disappear upon a termination of employment (Am. Compl. ¶ 23 "Defendants continue to hold Plaintiffs…liable for any unpaid 'draw amount'") is beside the point. What the Amended Complaint does not allege, and cannot allege, is that hhgregg ever took action against a former employee to recover "any unpaid 'draw amount'."

consistent with § 207(i) of the FLSA in part because their employer deducted draw payments from their future commissions); *Lee v. Ethan Allen Retail, Inc.*, 651 F. Supp. 2d 1361, 1366-1367 (N.D. Ga. 2009) (holding plaintiff was paid under a bona fide commission plan and noting "if Plaintiff did not have enough sales to cover the draw, she went into deficit" and her employer "then deducted any earnings from commissions exceeding the draw from this deficit").

*All* relevant authorities reject the view that commission-with-draw compensation methods such as hhgregg's are inconsistent with the FLSA. Plaintiffs' allegation that hhgregg's commission plan violates the FLSA because "the 'draws,' initially paid to cover payment of minimum wage[s] . . . are then deducted from earned commissions during a subsequent pay period" fails to state a claim as a matter of law and should be dismissed.

**B.      Count II: Plaintiffs' "off-the-clock" work allegations fail to state a claim.**

Based on their misunderstanding of the FLSA's treatment of commission-based compensation, Plaintiffs also allege they worked "'off the clock' for substantial periods of time for which they received no compensation." (Am. Compl. ¶ 36.) In particular, Plaintiffs allege they were required at times to attend in-store training, business meetings, and off-site training meetings or exposition shows. (*Id.* ¶¶ 3, 4, 28-30.) Plaintiffs contend that "[a]s no commission could be earned during these sessions, Plaintiffs . . . would be effectively coerced into working 'off the clock' to avoid incurring a draw and, consequently, a debt to Defendants." (*Id.* ¶ 29.)

This claim, like Count I, is again premised on a fundamental misstatement of the law. There is no general FLSA requirement that employees' be paid an *hourly* wage for all hours worked. Rather, the statute imposes two requirements – to pay non-exempt employees 1.5 times the regular rate of pay for hours worked over 40 and to pay employees at a rate equal to at least

$7.25 per hour for hours worked. To the extent that Plaintiffs claim otherwise, their claim must be dismissed as a matter of law.

Nor does 29 U.S.C. 207(i) require employers to award employees extra compensation for hours devoted to non-sales activities. Indeed, courts have repeatedly rejected similar allegations by commissioned salespeople that they worked "off the clock" in violation of the FLSA when they performed work for which no commissions could be earned. The FLSA's minimum wage requirement is satisfied so long as an employee's total compensation for a week divided by the total number of hours he or she claims to have worked exceeds the minimum wage rate. *See, e.g.*, *United States v. Klinghoffer Bros. Realty Crop.*, 285 F.2d 487, 490 (2d Cir. 1960); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir. 1969); *McDowell v. Purolator Courier Corp.*, No. 78-28, 1982 WL 2195, at *4 (E.D. Ky. Jan. 29, 1982). This holds true for commissioned employees who perform some non-commission-generating work, including attending training and meetings. *See, e.g.¸ Perez v. Brands Mart Service Corp.*, 2011 WL 3236022 (S.D. Fla. July 28, 2011); *Caci v. The Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297 (E.D.N.Y. 2003).

In *Caci*, for example, the plaintiff worked as a salesperson for an electronics retailer and was paid a draw against commission. 267 F. Supp. 2d at 298. Under the pay plan, he received $8 per hour as a draw payment each week, which was then deducted from his monthly commission earnings. As part of his job duties, the plaintiff was required to clean and maintain his work area after the store closed. He believed this violated the FLSA because he could not earn commissions while he performed this work. He sued, claiming—just as Plaintiffs do here—

the defendant had deprived him of minimum wages and, through operation of the draw, made an "illegal 'deduction from wages.'" *Id.* at 299.

Granting judgment to the defendant employer, the *Caci* court first held that the draw-against-commission plan utilized by the employer was permissible under the FLSA. *Id.* at 299-300. The court then rejected the plaintiff's minimum wage claim based on his engaging in non-commission-generating work, noting the rule that the FLSA merely required that the employee's total compensation divided by the total number of hours he claimed he worked equal or exceed the minimum wage. *Id.* at 300. The court explained "that Caci may have been unable to make 'sales' during the relatively short period of time he spent cleaning after the store closed does not change the fact that he was paid at least the required minimum wage for every hour worked." *Id.*

In *Perez*, the court similarly rejected a minimum wage claim by a commissioned employee who alleged he was asked to "work for free" when his employer directed him to perform additional work without additional pay. Like Plaintiffs here, Perez failed to understand his commission pay compensated him for all of the time he worked, including the additional work directed by his employer. *See Perez*, 2011 WL 3236022, at *5-7.

Here, Plaintiffs make the same mistake as the employees in *Caci* and *Perez*. They contend they worked "off the clock" by engaging in non-commission-generating work such as attending training and meetings. They erroneously reason they thus "received no compensation" for this work in violation of the FLSA. Just as in *Caci* and *Perez*, Plaintiffs' allegations fail as a matter of law because Plaintiffs were commissioned employees, not hourly workers. Am. Compl. ¶ 15 (noting Plaintiffs' compensation was "100% commission-based"). That Plaintiffs engaged in some non-commission-generating work such as attending meetings or trainings or in any other alleged "off-the-clock" work simply does not mean they received "no compensation"

for such time. Plaintiffs' commission is deemed to compensate them for all of the time they worked, regardless whether it was commission-generating or otherwise on-the-clock.

Plaintiffs' second "off-the-clock" contention is that they chose to "clock out and continue to work 'off the clock' to avoid incurring overtime as this too would often increase their 'draw'". (Am. Compl. ¶ 30.) This off-the-clock work theory makes no sense and alleges no harm. Plaintiffs acknowledge any draw payments they would have received would have been "deducted" from subsequent commission payments in any event. Thus, by allegedly under-reporting working time in draw weeks and thereby lessening their draw payments, they *increased* the amount of commission pay they subsequently received by the same amount. Under Plaintiffs' theory, the "off-the-clock" work they allegedly performed did not deprive them of pay; it simply shifted it to a different week. Thus, whether Plaintiffs underreported or overreported their hours made no difference, the pay earned would stay the same. Plaintiffs' alleged scheme would have no possible benefit to hhgregg and would not violate the FLSA.[4]

C. **Count III: Plaintiffs' "commission-manipulation" allegations fail to state a claim.**

Plaintiffs also allege hhgregg does not calculate their commissions properly. Specifically, they contend hhgregg "improperly" reduces their commissions when customers return items purchased at a discounted price, improperly making such deductions based on the full price of the returned merchandise. (Am. Compl. ¶¶ 5, 24-27.)

Assuming Plaintiffs' allegations were true (which hhgregg denies), they do not allege an *FLSA* claim. The FLSA does not set the terms for commission payment plans. And, even if

---

[4] Plaintiffs add a gratuitous and conclusory allegation that "an employee could be disciplined" if he was too often in draw. Putting aside the lack of any well pleaded facts in support of this allegation, the allegation has no import. Even if it were assumed that an employee would be discharged for accumulating "too great of a 'draw' balance" (Am. Compl. ¶ 31) because they were not successful as sales personnel, and hence, never generated enough commission to avoid being in perpetual draw status, no FLSA violation would result.

Plaintiffs' allegations were construed as an attempt to plead a breach of contract claim with respect to Plaintiffs' commission payments (Plaintiffs do not describe the terms of the plan and hence could not plausibly claim a *breach* of those terms), such a claim would not be cognizable as a violation of the FLSA.  *See, e.g.*, *Braddock v. Madison Cnty.*, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998) (noting "[t]he FLSA does not provide a federal remedy for any and all breaches of payment obligations under employment contracts" and the "general 'remedial purpose' of the FLSA does not support its expansion to a mechanism for employees to enforce a broad range of employers' contractual obligations beyond the minimum wage and overtime requirements enacted by Congress").

### D. Count IV: Plaintiffs' overtime allegations fail to state a claim.

Plaintiffs' misunderstanding of commission-with-draw payment systems under the FLSA also leads them to claim incorrectly hhgregg deprived them of overtime pay in violation of the statute.  (Am. Compl. ¶ 41.)

As noted above, the FLSA allows employers to treat as overtime-exempt retail sales employees who earn more than half of their compensation as commissions and whose regular rate (*i.e.*, in weeks where more than forty hours were worked, the total earnings divided by the number of hours worked) exceeds one-and-a-half times the minimum wage.  29 U.S.C. § 207(i)(1) & (2).  Plaintiffs acknowledge hhgregg treated them as exempt under 29 U.S.C. § 207(i).  (Am. Compl. ¶¶ 2, 3.)  Plaintiffs also acknowledge they received more than half—in fact, 100%—of their compensation as commissions.  (Am. Compl. ¶ 15.)  And Plaintiffs acknowledge hhgregg guaranteed them a draw equal to at least one-and-a-half times the minimum wage in weeks in which they worked more than 40 hours.  (Am. Comp. ¶ 17.)

Despite these admissions, Plaintiffs wrongly contend hhgregg violated the FLSA because the draws were deductible from subsequent commission earnings. (*See* Am. Compl. ¶¶ 2, 22.) For the reasons set forth above addressing Plaintiffs' defective minimum wage claim, this claim also fails as a matter of law. (*See supra* at pp.7-10.) Contrary to Plaintiffs' misunderstanding of the law, the FLSA allows employers to treat recoverable draws as satisfying the statute's minimum pay rate requirements. Accordingly, Plaintiffs' theory they were not paid the requisite amount under § 207(i)(1) because their draw payments were deductible from subsequent commission earnings fails to state a claim. *McAninch v. Monro Muffler Brake, Inc.*, 799 F. Supp. 2d 807, 816-818 (S.D. Ohio 2011); *Lee v. Ethan Allen Retail, Inc.*, 651 F. Supp. 2d 1361, 1366-1367 (N.D. Ga. 2009).

### E. Counts V and VI: Plaintiffs' "willful violation" and "unjust enrichment" claims fail as a matter of law.

Plaintiffs' final two claims are entirely derivative of their prior, defective allegations. They claim hhgregg's "violation" of the FLSA was willful and resulted in unjust enrichment to hhgregg. (Am. Compl. ¶¶ 43-46.) Because Plaintiffs' allegations all otherwise fail to state any cognizable violation of the FLSA, these two tag-along claims also fail as a matter of law.

Moreover, Count VI (unjust enrichment) fails to state a cognizable claim under Ohio law because the commission plan Plaintiffs challenge is entirely consistent with the Ohio Minimum Fair Wage Standards Act. That law treats commission payments as wages for purposes of satisfying minimum wage standards (ORC 4111.01) and recognizes the 7(i) exemption for commissioned retail sales employees (ORC 4111.03(A)). Plaintiffs' references to inequity and unspecified "state laws" are entirely inadequate to state a claim in light of the provisions of the Ohio Minimum Fair Wage Standards Act.

Finally, since Plaintiffs' Federal claims fail as a matter of law, there is no basis on which or reason why this Court should exercise supplemental jurisdiction over a state law claim.

## V. CONCLUSION

Plaintiffs' Amended Complaint is premised on a basic misunderstanding of the law. Even accepting Plaintiffs' factual allegations as true for purposes of this motion, those allegations fail to state any claim under the FLSA. Plaintiffs' Amended Complaint should be dismissed with prejudice, and all other appropriate relief granted to hhgregg.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: s/ Danuta Bembenista Panich
Danuta Bembenista Panich, Atty. No. 27497-49 (IN)
Robert F. Seidler, Atty. No. 0074178
Christopher C. Murray, Atty. No. 15561-49 (IN)
Michelle Maslowski, Atty. No. 27238-49 (IN)
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
*danuta.panich@ogletreedeakins.com*
*robert.seidler@ogletreedeakins.com*
*christopher.murray@ogletreedeakins.com*
*michelle.maslowski@ogletreedeakins.com*

Attorneys for Defendants hhgregg, Inc., d/b/a hhgregg, and Gregg Appliances Inc., d/b/a hhgregg

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2015, a copy of the foregoing *Defendants' Memorandum in Support of its Motion to Dismiss* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

>Michael J. O'Hara
>Aaron M. Beck
>Megan E. Mersch
>O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
>*mohara@ortlaw.com*
>*aaronbeck@ortlaw.com*
>*mmersch@ortlaw.com*
>
>Peter L. Cassady
>Kristen M. Myers
>BECKMAN WEIL SHEPARDSON LLC
>*petercasady@beckman-weil.com*
>*kmyers@beckman-wiel.com*

s/ Danuta Bembenista Panich

22261305.1